IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-197-BO

| | |
|---|---|
| JAMES KELLEY d/b/a KELLEY ENGINEERING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENVIVA, LP, JOHN KEPPLER, NORB HINTZ, )<br>ENVIVA PELLETS AHOSKIE, LLC, ENVIVA )<br>PELLETS NORTHAMPTON, LLC, ENVIVA )<br>PELLETS SOUTHAMPTON, LLC, "JOHN DOE )<br>CORPORATION(S) AND/OR )<br>PARTNERSHIP(S), )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) or, in the alternative, to issue a stay [DE 14]. The motion is ripe for adjudication. For the reasons stated herein, defendants' motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Pro se plaintiff filed his complaint in Onslow County Superior Court on August 12, 2013. A single summons was issued the same day to: Enviva LP, John Keppler, Norb Hintz, Enviva Pellets Ahoskie LLC, Enviva Pellets Northampton LLC, Enviva Pellets Southampton LLC, and "John Doe Corporation(s) and/or Partnership(s)." The summons did not identify any person or agent to be served on behalf of any of the corporate defendants. Plaintiff then attempted to serve all defendants by mailing copies of the summons and complaint to two different addresses.

After learning that plaintiff had filed the complaint and attempted to obtain service on them, defendants removed the case to this Court on September 11, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. On October 9, 2013, defendants filed the instant motion to dismiss. On November 6, 2013, plaintiff attempted to re-serve each defendant with process by serving summonses endorsed by the state court. Plaintiff did not provide an affidavit of service.

## DISCUSSION

Plaintiff's attempts at service prior to removal of an action are governed by the law and procedural rules of the state under which service is made. *Morton v. Meagher*, 171 F. Supp. 2d 611, 613–14 (E.D. Va. 2001) (citing *Brazell v. Green*, 67 F.3d 293 (4th Cir. Sept. 29, 2995) (unpublished)). Here, plaintiff was required to comply with North Carolina law because this action was originally filed in North Carolina state court. In North Carolina, although defective service of process may give the defending party actual notice of the proceedings, such notice does not give the court jurisdiction. *Fulton v. Mickle*, 518 S.E.2d 518, 521 (N.C. App. 1999). Additionally, courts do not overlook procedural deficiencies in service of process just because actual notice occurred even when plaintiffs are pro se. *Shave v. Cooleemee Volunteer Fire Dep't*, 2008 U.S. Dist. LEXIS 28921 * 6 (M.D.N.C. April 7, 2008).

Plaintiff's attempts at service are deficient. Plaintiff's initial summons to the corporate defendants is defective on its face, and therefore invalid, because it is not directed to any person authorized to receive service on behalf of those defendants under North Carolina Rule 4(j)(6). *See Lane v. Winn-Dixie Charlotte, Inc.*, 609 S.E.2d 456 (N.C. App. 2005) (upholding dismissal of case for failure to designate persons authorized by Rule 4(j)(6) to be served).

2

Service was invalid for the individual defendants because plaintiff failed to comply with North Carolina Rule 4(j)(1)(c), (e). Under North Carolina law, serving an individual can be accomplished "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering it to the addressee[,]" or by "mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering it to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c), (e). Plaintiff did not address his mailings to Mr. Keppler or Mr. Hintz, and did not deliver them to someone authorized to receive service for them.

Plaintiff's November 6, 2013 attempt to serve defendants process was also ineffective because the state court summonses plaintiff used were invalid after removal to this Court. 28 U.S.C. § 1446(d) "deprives the state court of further jurisdiction over the removed case and [] any post-removal actions taken by the state court in the removed case action are void *ab initio*. *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237 *11 (4th Cir. 2013). Accordingly, "all further process must issue from the Federal Court." *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962). As such, post-removal service must be accomplished pursuant to a subpoena issued by this Court and in accordance with the Federal Rules of Civil Procedure. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) ("[S]tate law governing service of process (and all other issues) applies before removal . . . federal law applies after removal."); *see also* FED. R. CIV. P. 83(c)(1) (the FRCP apply to civil actions after removal from state court). Here, plaintiff's summonses expired on October 11, 2013 under North Carolina law. On November 6, 2013, the state court endorsed and continued the original summonses, but had no

jurisdiction to make these endorsements because the case had already been removed. Accordingly, plaintiff's second attempt at service of process was ineffective.

Although service has not been perfected yet, 28 U.S.C. § 1448 provides that when service has not been perfected prior to removal, as here, "such service may be completed or new process issued in the same manner as in cases originally filed in such district court." Here plaintiff is proceeding pro se and has made two good faith attempts to properly serve defendants. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, ... claims and defenses be disposed of on their merits." *See Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010) (discussing default rulings). This Court is therefore inclined to stay this action until plaintiff obtains effective service on defendants. The Court is within its discretion to do so, because the FED. R. CIV. P. 4(m) deadline has not yet passed. Because defendants removed this case on September 11, 2013, plaintiff has 120 days from that date to obtain effective service on defendants. *Eccles*, 10 F. Supp. 2d at 519.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 14] is DENIED IN PART and GRANTED IN PART. This action is not dismissed at this time. However, the action is STAYED until plaintiff obtains effective service on defendants. Nothing in this order prevents defendants from renewing their motion to dismiss at the appropriate time.

SO ORDERED.

This the _15_ day of December, 2013.

                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE