IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-197-BO

| | |
|---|---|
| JAMES KELLEY d/b/a KELLEY ENGINEERING, <br><br> Plaintiff, <br><br> v. <br><br> ENVIVA, LP, JOHN KEPPLER, NORB HINTZ, ENVIVA PELLETS AHOSKIE, LLC, ENVIVA PELLETS NORTHAMPTON, LLC, ENVIVA PELLETS SOUTHAMPTON, LLC, "JOHN DOE CORPORATION(S) AND/OR PARTNERSHIP(S), <br><br> Defendants. | **ORDER** |

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) [DE 26]. The motion is ripe for adjudication. For the reasons stated herein, defendants' motion is GRANTED.

## BACKGROUND

Pro se plaintiff filed his complaint in Onslow County Superior Court on August 12, 2013. A single summons was issued the same day to: Enviva LP, John Keppler, Norb Hintz, Enviva Pellets Ahoskie LLC, Enviva Pellets Northampton LLC, Enviva Pellets Southampton LLC, and "John Doe Corporation(s) and/or Partnership(s)." The summons did not identify any person or agent to be served on behalf of any of the corporate defendants. Plaintiff then attempted to serve all defendants by mailing copies of the summons and complaint to two different addresses.

After learning that plaintiff had filed the complaint and attempted to obtain service on them, defendants removed the case to this Court on September 11, 2013, based on diversity

jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. On October 9, 2013, defendants filed the instant motion to dismiss. On November 6, 2013, plaintiff attempted to re-serve each defendant with process by serving summonses endorsed by the state court. Plaintiff did not provide an affidavit of service. On December 16, 2013, this Court entered an order which granted in part defendants' motion to dismiss by staying the case until proper service was made. [DE 24]. The order informed plaintiff that he had 120 days from the date of removal to this Court to obtain proper service and that defendants could renew their motion to dismiss at the appropriate time. [DE 24 at 4]. On December 31, 2013, plaintiff obtained summonses from the Clerk for this Court and issued one to each of the six named defendants and issued a seventh summons directed to "Enviva Holdings LP," which is neither a named defendant nor mentioned in the complaint. The 120 day time period expired on January 9, 2014. Defendants filed a motion to dismiss on January 30, 2014 arguing that plaintiff has still not obtained proper service.

## DISCUSSION

The Court previously found that all of plaintiff's attempts at service prior to December 16, 2013 were insufficient. [DE 24]. Plaintiff has only made one more attempt at service, with the summonses issued on December 31, 2013, and therefore the Court only analyses that attempt in ruling on defendants' motion to dismiss. This Court previously held that "post-removal service must be accomplished pursuant to a subpoena issued by this Court and in accordance with the Federal Rules of Civil Procedure." [DE 24 at 3].

On or about January 2, 2014, plaintiff attempted to serve defendants by mail. "Any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c). Although service by mail is allowed, there is still a requirement for who may affect service. "It is well established that [Rule 4(c)(2)] prohibits service of process by a party in all

2

forms. Thus a plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail." *Wilson v. SunTrust Bank, Inc.*, 2011 WL 1706763, *1 (W.D.N.C. May 4, 2011). Therefore, plaintiff's latest attempt at service is void.

Further, plaintiff has run out of time to correct his service deficiencies. Plaintiff's 120 day deadline provided by FED. R. CIV. P. 4(m) expired on January 9, 2014. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, the Court must "allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and [the rule] authorizes the court to relive a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Advisory Committee Notes on FED. R. CIV. P. 4; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (stating that there is "discretion to enlarge the 120 day period for service, even if there is no good cause shown.") (quoting Advisory Committee Notes on FED. R. CIV. P. 4); *DiPaulo v. Potter*, 570 F.Supp.2d 802, 805 (M.D.N.C. 2008). [1]

Here, plaintiff is proceeding pro se and has made three good faith attempts to properly serve defendants. However, he has failed in each attempt and the process has now dragged on for 201 days. Plaintiff can only point to his lack of counsel and belief that his attempts at service were proper as reasons for which he has failed to properly serve defendants. Neither constitute good cause. *See Hansan v. Faifax Cnty. Sch. Bd.*, 405 Fed. App'x 793, 794 (4th Cir. 2010) ("Pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.") (unpublished). Further, this Court explicitly warned

---

[1] Note that there was some doubt about whether good cause was necessary because the Fourth Circuit held in *Mendez v. Elliot*, 45 F.3d 75, 80 (4th Cir. 1995), that a showing of good cause was necessary. However, *Mendez* was decided when the prior version of the rule, Rule 4(j), which clearly required a showing of good cause, was in effect.

3

plaintiff that service must be made "in accordance with the Federal Rules of Civil Procedure." [DE 24 at 3].

In his response to the defendants' motion, plaintiff argues that he committed an act of "excusable neglect" in providing service in compliance with the North Carolina Rules of Civil Procedure instead of the Federal Rules. In light of the Court's explicit ruling that service must be made in compliance with the Federal Rules, this argument is not sufficient to justify extending plaintiff's service deadline. Plaintiff also attempts to show that it was not he who mailed the summonses to defendants but a Martha Kelley who is not a party to this action. However the sworn affidavit supporting this contention is directly contrary to plaintiff's original certification of service. Further Martha's affidavit was signed after defendants' motion to dismiss was filed, whereas Mr. Kelley's original certification was completed before defendants' motion. Therefore the Court rejects plaintiff's attempt to offer contrary facts regarding service.

Although the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits," here plaintiff has failed to meet the proper service requirements and offers no justifiable reason for doing so. *See Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010) (discussing default rulings). Therefore, the Court will not extend plaintiff's deadline to properly serve defendants and dismisses this action without prejudice. *See* FED. R. CIV. P. 4(m).

4

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 26] is GRANTED and this action is DISMISSED without prejudice pursuant to FED. R. CIV. P. 4(m). The Clerk is DIRECTED to enter judgment accordingly and close the file.

SO ORDERED.

This the  31  day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE